[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10972

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

YANNIER ARIAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:15-cr-00328-SCB-AAS-1

_____

Before WILLIAM PRYOR, Chief Judge, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Yannier Arias, a federal prisoner, appeals *pro se* the *sua sponte* denial of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The district court ruled that Arias failed to identify extraordinary and compelling reasons for early release, *see* U.S.S.G. § 1B1.13 cmt n.1, and, in the alternative, that the statutory sentencing factors "weigh[ed] against granting [Arias's] motion." We affirm.

Arias argues that his declaration that he risked contracting COVID-19 due to his asthma and obesity was sufficient to create an extraordinary and compelling reason to reduce his sentence and to require a response from the government, but we need not address those arguments because we can affirm on the alternative ground stated by the district court. Before we will reverse a "judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Arias does not dispute the finding that the nature and circumstances of his offense, his criminal history, and the danger he posed to the public weighed against his early release. *See* 18 U.S.C. § 3553(a). The district court sentenced Arias for two counts of conspiring to commit access device fraud and aggravated identity theft, *id.* § 371, nine counts of access device

fraud, *id.* §§ 2, 1029(a)(1), five counts of aggravated identity theft, *id.* §§ 2, 1028A, and one count of possessing more than fifteen counterfeit and unauthorized access devices, *id.* §§ 2, 1029(a)(3). When it denied Arias's motion, the district court recounted that Arias had "misappropriat[ed] the means of identification of at least 10 actual persons, which he used to create counterfeit credit cards and to cause a loss of more than $150,000" "[w]hile [he was] on probation for committing petit theft in Florida." And the district court highlighted that, "in [Arias's] attempt to evade arrest for these criminal offenses, [he] endangered the public by leading officers on a high speed chase." Because Arias fails to challenge the alternative ruling that the statutory sentencing factors weighed against granting him a sentence reduction, "it follows that the district court's judgment is due to be affirmed." *Id.* at 680.

We **AFFIRM** the denial of Arias's motion for compassionate release.